FILED

2016 SEP -1 AM 10:28

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT**

**OF OHIO**

**KAYLA JANE**
Homeless

PLAINTIFF

vs.

**JEFFERY K. PATTERSON, as CEO**
**CUYAHOGA METROPOLITAN**
**HOUSING AUTHORITY**
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**MAYOR FRANK G. JACKSON,**
**as MAYOR of the**
**CITY OF CLEVELAND**
**601 Lakeside Ave E # 210,**
**Cleveland, OH 44114**
**c/o Cleveland Law Department**
**601 Lakeside Ave E # 106,**
**Cleveland, OH 44114**

and

**CLEVELAND CITY COUNCIL**
**PRESIDENT KEVIN KELLEY,**
**as Council President**
**601 Lakeside Avenue, Room 220**
**Cleveland, OH 44114**
**c/o Cleveland Law Department**
**601 Lakeside Ave E # 106,**

**CASE NO.:** 1:16 CV 2195

**JUDGE:** JUDGE GAUGHAN

MAG. JUDGE PARKER

**PLAINTIFF'S COMPLAINT**
**FOR DAMAGES**

(with Jury Demand)

**Cleveland, OH 44114** )
)
and )
)
**MAYOR GARY NORTON, JR.,** )
**as MAYOR of the** )
**CITY OF EAST CLEVELAND** )
**c/o Law Department** )
**14340 Euclid Ave,** )
**East Cleveland, Ohio 44112** )
)
and )
)
**RONNIE A. DUNN, Ph.D.,** )
**as CHAIRMAN OF CUYAHOGA** )
**METROPOLITAN HOUSING** )
**AUTHORITY BOARD of** )
**COMMISSIONERS** )
**c/o Legal Affairs Office** )
**8120 Kinsman Road** )
**Cleveland, Ohio 44104-3101** )
)
and )
)
**STEPHANIE Y. POPE, as** )
**COMMISSIONER CUYAHOGA** )
**METROPOLITAN HOUSING** )
**AUTHORITY** )
**c/o Legal Affairs Office** )
**8120 Kinsman Road** )
**Cleveland, Ohio 44104-3101** )
)
and )
)
**ROBERT E. DAVIS, as** )
**COMMISSIONER CUYAHOGA** )
**COUNTY METROPOLITAN** )
**HOUSING AUTHORITY** )
**c/o Legal Affairs Office** )
**8120 Kinsman Road** )
**Cleveland, Ohio 44104-3101** )
)
and )
)
**BARRY A. WITHERS, as** )
**COMMISSIONER CUYAHOGA** )

**METROPOLITAN HOUSING AUTHORITY**
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**CUYAHOGAMETROPOLITAN HOUSING AUTHORITY**
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**ANDRÉS GONZLÁLEZ, as CHIEF CUYAHOGA METROPOLITAN HOUSING AUTHORITY POLICE DEPARTMENT**
**5715 Woodland Avenue**
**Cleveland, Ohio 44104**
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**CUYAHOGA METROPOLITAN HOUSING AUTHORITY POLICE DEPARTMENT**
**5715 Woodland Avenue**
**Cleveland, Ohio 44104**
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**JOHN and/or JANE DOE(s) #2- #3 CUYAHOGA METROPOLITAN HOUSING AUTHORITY POLICE DEPARTMENT SUPERVISORS INVOLVED IN SUPERVISING THE INVESTIGATION OF THE ATTACK**

**UPON PLAINTIFF**
**5715 Woodland Avenue**
**Cleveland, Ohio 44104**
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**FNU BROWN, JANE DOE #1**
**BUILDING MANAGER OF**
**CUYAHOGA METROPOLITAN**
**HOUSING AUTHORITY PREMISES**
**at 9520 DETROIT AVENUE**
**CLEVELAND, OHIO 44102**
**WHO REFUSED TO IDENTIFY**
**HERSELF BY NAME**
(whose actual name is unknown and
whose name and address the Plaintiff
could not discover)
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**JOHN and/or JANE DOE(s) #4 - #7**
**CUYAHOGA**
**METROPOLITAN HOUSING**
**AUTHORITY OFFICIAL(S)**
**CHARGED WITH SUPERVISING**
**FNU BROWN, JANE DOE #1**
(whose actual name is unknown and
whose name and address the Plaintiff
could not discover)
**c/o Legal Affairs Office**
**8120 Kinsman Road**
**Cleveland, Ohio 44104-3101**

and

**PAIGE FINK**
**WHO PRETENDED TO BEFRIEND**
**KAYLA JANE**
**9520 Detroit Avenue**
**Cleveland, Ohio 44104**

and

**PAMELA REED**
**WHO ASSAULTED KAYLA JANE**
**9520 Detroit Avenue**
**Cleveland, Ohio 44104**

and

**JANE DOE #8**
**WHO ASSAULTED KAYLA JANE**
(whose actual name is unknown and whose name and address the Plaintiff could not discover)
**9520 Detroit Avenue**
**Cleveland, Ohio 44104**

and

**JOHN and/or JANE DOE #9**
**WHO ASSAULTED KAYLA JANE**
(whose actual name is unknown and whose name and address the Plaintiff could not discover)
**9520 Detroit Avenue**
**Cleveland, Ohio 44104**

and

**JOHN and/or JANE DOE #10**
**WHO ASSAULTED KAYLA JANE**
(whose actual name is unknown and whose name and address the Plaintiff could not discover)
**9520 Detroit Avenue**
**Cleveland, Ohio 44104**

and

**JOHN and/or JANE DOE #11**
**WHO ASSAULTED KAYLA JANE**
(whose actual name is unknown and whose name and address the Plaintiff could not discover)
**9520 Detroit Avenue**

**Cleveland, Ohio 44104** )
)
and )
)
**JOHN and/or JANE DOE #12** )
**WHO ASSAULTED KAYLA JANE** )
(whose actual name is unknown and )
whose name and address the Plaintiff )
could not discover) )
**9520 Detroit Avenue** )
**Cleveland, Ohio 44104** )
)
and )
)
**JOHN and/or JANE DOE #13** )
**WHO ASSAULTED KAYLA JANE** )
(whose actual name is unknown and )
whose name and address the Plaintiff )
could not discover) )
**9520 Detroit Avenue** )
**Cleveland, Ohio 44104** )
)
and )
)
**JOHN and/or JANE DOE #14** )
**WHO ASSAULTED KAYLA JANE** )
(whose actual name is unknown and )
whose name and address the Plaintiff )
could not discover) )
**9520 Detroit Avenue** )
**Cleveland, Ohio 44104** )
)
)
)
DEFENDANTS )

Now comes the Plaintiff, KAYLA JANE, and for her within Complaint alleges as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant herein, Plaintiff, Kayla Jane, is a transgender woman who resided as a tenant at the apartment complex located at 9520 Detroit Avenue, City of Cleveland, Cuyahoga County, State of Ohio which was managed by a landlord/building manager under the supervision of Cuyahoga Metropolitan Housing Authority (hereinafter CMHA).

3. Jurisdiction regarding Kayla Jane's claims is conferred upon this court by 28 U.S.C.A. § 1331 (federal question jurisdiction) in that this action arises under the Constitution and the laws of the United States and under 28 U.S.C.A. § 1343(a)(3) to redress deprivations, under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution (U.S. Const. Amend. XIV) and under the Fair Housing Act (FHA) 42 U.S.C. § 3604, et seq., and 42 U.S.C.A. §§ 1437, et seq.

4. Venue is proper, as Kayla Jane, although presently homeless, is residing within the County of Cuyahoga and upon information and belief all Defendants reside in the City of Cleveland, or Cuyahoga County, State of Ohio, and the events at issue here were caused by Defendants' actions and/or failures to act in the City of Cleveland, Cuyahoga County, State of Ohio.

5. This Court has supplemental jurisdiction regarding Plaintiff's civil claims pursuant to Ohio Revised Code § 2307.60, a civil suit for damages sustained as a result of felony violations of state law, under 28 U.S.C.A. § 1367 because the herein alleged state law violations are inextricably intertwined with the federal violations.

6. Kayla Jane brings this action for damages against CMHA, et al., to secure rights guaranteed by the United States Housing Act of 1937, 42 U.S.C.A. §§ 1437, et seq., regulations promulgated at 24 C.F.R. Part 982, and 24 C.F.R. § 100.204, the Fair Housing Amendments Act, 42 U.S.C.A. §§ 3604, et seq., and the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment and by the First Amendment to the United States Constitution (U.S. Const. Amend. V, U.S. Const. Amend. XIV), pursuant to 42 U.S.C.A. §§ 1983, et seq. and for violations of the Ohio Revised Code.

7. Kayla Jane is unaware of the true names and capacities of the Defendants named as Doe(s) #1 through #14, all of whom were agents of CMHA, and will amend this complaint to allege each Doe's true name and capacity when that information becomes known.

8. Kayla Jane is informed and believes that pursuant to 42 U.S.C.A. § 1437, all Defendants each are legally responsible and liable for the incidents, the injuries, and the damages set forth herein as each of these Defendants proximately caused Kayla Jane's injuries and damages by reason of intentional, negligent, and/or wanton misconduct, including creating and otherwise causing danger to Kayla Jane and perpetrating the incidents, conditions, attacks, and circumstances set forth herein.

## FACTS AND BACKGROUND

9. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

10. As a child, Kayla Jane was beaten and abandoned by her alcoholic parents. At the age of eleven or twelve Kayla Jane was removed from her home by social services because of repeated beatings, the fact that Kayla Jane repeatedly ran away from the home to avoid the beatings, and the fact that Kayla Jane's parents were absent from the home for extended periods of time such

that Kayla Jane's physical needs were not met. Kayla Jane was homeless and living on the streets before she obtained CMHA housing in or about February 2015.

11. Title 42 U.S.C. § 1437f codifies Section 8 of the Housing Act of 1937. Pub.L. No. 75412, 50 Stat. 888, 891. Under this provision the relevant housing authority had the ability to construct programs that implemented the provisions of the Act. The Housing Voucher Assistance Program, was added to the statute in 1983. Act of November 30, 1983, Pub.L. No. 98–181, 97 Stat. 1153.

12. In 1974, Congress amended the Housing Act to "significantly enlarge HUD's role in the creation of housing opportunities." *See* the Housing and Community Development Act of 1974, Pub.L. No. 93–383, sec. 201, § 8, 88 Stat. 633, 662–66). In 1974 Congress authorized the first permanent tenant-based rental housing assistance program—the Section 8 Rental Certificate Program—which allowed the use of federal funds to subsidize a tenant's monthly rental housing costs. "Building on the success of the Certificate Program," 80 Fed.Reg. 8243, 8244 (Feb. 17, 2015), Congress created the Housing Choice Voucher Program in 1983. *See* Housing and Urban–Rural Recovery Act of 1983, Pub.L. No. 98–181, sec. 207, 97 Stat. 1155, 1181–82 (codified as amended at 42 U.S.C. § 1437f (*o*)).

13. Under the Section 8 Housing Choice Voucher Program, 42 U.S.C. § 1437f (*o*), and its accompanying regulatory framework, *see* 24 C.F.R. § 982, certain low-income individuals qualify to receive housing assistance vouchers that subsidize the cost of renting housing units. Under the program, HUD "pays rental subsidies so eligible families can afford decent, safe and sanitary housing." 24 C.F.R. § 982.1(a). The voucher program is administered "by State or local governmental entities called public housing agencies (PHAs)," such as CMHA.

14. The Act and regulations contain various provisions that prohibit housing discrimination on the basis of transgender status. 42 U.S.C. § 3604 and C.R.S. § 24-34-502.

15. The Department of Housing and Urban Development interprets the Fair Housing Act to ban sex discrimination based upon nonconformity with gender stereotypes. See, Equal access to Housing in HUD Programs Regardless of Sexual Orientation or Gender Identity, 77 Fed. Reg. 5662-0, 5666 (February 3, 2012); and Affirmatively Furthering Fair Housing, 80 Fed. Reg. 42272-01, 42283 (July 16, 2015).

16. CMHA is a PHA responsible for the ownership and management of low-income housing property in Cuyahoga County, Ohio. CMHA was founded in 1933, making it the first housing authority in the United States. CMHA is a local housing authority authorized to issue Section 8 housing subsidy vouchers under the Act and its regulations. Defendant CMHA has its own police force (CMHA PD).

17. Defendants acted under color of state law and violated Kayla Jane's rights to self-expression, due process, and equal protection as guaranteed by the First Amendment and the Fourteenth Amendments to the Constitution of the United States.

18. Defendants' conduct violated Kayla Jane's rights under the Fair Housing Act, 42 U.S.C.A. § 3601 et seq., specifically, 42 U.S.C.A. § 3604 (which prohibits discrimination in the sale or

rental of housing) and 42 U.S.C.A. § 3604 (b) (which prohibits discrimination against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of sex) and upon 42 U.S.C. § 3604 and C.R.S. § 24-34-502 (which prohibits discrimination based upon transgender status).

19. Defendants' conduct also violated Kayla Jane's rights under Ohio law for violations of the Ohio Revised Code § 2903.11 (Felonious Assault) and Ohio Revised Code § 2921.32 (Obstructing Justice), and Kayla Jane brings this action pursuant to Ohio Revised Code § 2307.60, a civil suit for damages sustained as a result of felony violations of state law.

**COUNT ONE: SUBSTANTIVE DUE PROCESS VIOLATION BY CREATING DANGER TO PLAINTIFF IN VIOLATION OF 42 U.S.C. § 1983**

(As to All Defendants)

20. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

21. Defendants, by reason of intentional, negligent, and/or wanton misconduct, created danger and/or increased Kayla Jane's vulnerability to danger, resulting in severe physical and emotional harm and suffering.

22. At all times relevant herein, FNU BROWN, JANE Doe #1, was the building manager employed by CMHA to administer the CMHA housing complex located at 9520 Detroit Avenue, Cleveland, Ohio 44104 in which Kayla Jane resided from in or about February 2015 until in or about June 2016. JEFFERY K. PATTERSON, MAYOR FRANK G. JACKSON, CLEVELAND CITY COUNCIL PRESIDENT KEVIN KELLEY, MAYOR GARY NORTON, JR., RONNIE A. DUNN, Ph.D., STEPHANIE Y. POPE, ROBERT E. DAVIS, BARRY A. WITHERS, CMHA, and JOHN and/or JANE DOE(s) #4 - #7 had a duty to supervise FNU BROWN, JANE Doe #1 to ensure that FNU BROWN, JANE Doe #1 did not violate the law or any individual's rights. ANDRÉS GONZLÁLEZ, CMHA PD, and JOHN and/or JANE DOE(s) #2 - #3 had a duty to supervise the CMHA PD to ensure that FNU BROWN, JANE Doe #1 and others including PAMELA REED, PAIGE FINK, and JOHN and/or JANE DOE(s) #8 - #14 did not violate the law or any individual's rights.

23. During the entire time of Kayla Jane's residence in said apartment complex, FNU BROWN, JANE Doe #1, acting for all Defendants, harassed Kayla Jane by calling Kayla Jane "lady boy," faggot," "transvestite," "trannie," "dick girl," "T-girl," "hormone titty," and other insults, and instructed residents of the building to refer to Kayla Jane as "Sir." Said epithets also were used by other building residents to harass Kayla Jane.

24. During the entire time of Kayla Jane's residence in said apartment complex, FNU BROWN, JANE Doe #1 refused to change the gender on Kayla Jane's lease to female.

25. During the entire time of Kayla Jane's residence in the above apartment complex, FNU BROWN, JANE Doe #1, acting for all Defendants, repeatedly harassed Kayla Jane about dressing as a female, telling Kayla Jane she was male.

26. Whenever Kayla Jane disagreed with Defendants' disparaging remarks or references to Kayla Jane as male, FNU BROWN, JANE Doe #1, acting for all Defendants, issued false infraction citations to Kayla Jane for being "disrespectful." Said citations can be a basis for discipline by CMHA, including eviction and future denial of subsidized housing.

27. During the entire time of Kayla Jane's residence in said apartment complex, FNU BROWN, JANE Doe #1, acting for all Defendants, said she was not obligated to honor Kayla Jane's chosen gender.

28. FNU BROWN, JANE Doe #1, acting for all Defendants, said she "doesn't believe" in transgender.

29. During the entire time of Kayla Jane's residence in said apartment complex, FNU BROWN, JANE Doe #1, acting for all Defendants, repeatedly said, "Don't expect me to honor [your chosen female gender] while you are here!"

30. During the entire time of Kayla Jane's residence in said apartment complex, whenever Kayla Jane verbally disagreed with FNU BROWN, JANE Doe #1 and her insults, FNU BROWN, JANE Doe #1, acting for all Defendants, issued another citation to Kayla Jane.

31. During the entire time of Kayla Jane's residence in said apartment complex, on a daily basis FNU BROWN, JANE Doe #1, acting for all Defendants, in front of Kayla Jane, discussed Kayla Jane's transgender status in an insulting, disparaging manner with many (if not all) of the residents of the building in which Kayla Jane resided, including PAIGE FINK, PAMELA REED, and JOHN and/or JANE Doe(s) #6 - #14, who attacked Kayla Jane.

32. FNU BROWN, JANE Doe #1, acting for all Defendants, thus published the highly private and personal information that Jane was transgender to residents of said apartment complex to alienate said residents from Jane, including PAIGE FINK, PAMELA REED, JOHN and/or JANE Doe(s) #6 - #14, who physically attacked Jane.

33. Said residents, including PAIGE FINK, PAMELA REED, JOHN and/or JANE Doe(s) #6 - #14, acting for all Defendants, verbally abused Kayla Jane after FNU BROWN, JANE Doe #1's insulting diatribes.

34. Through such conduct, FNU BROWN, JANE Doe #1, acting for all Defendants, created hostility among said residents toward Kayla Jane, and persuaded PAIGE FINK, PAMELA REED, JOHN and/or JANE Doe(s) #6 - #14, to menace Kayla Jane and to savagely attack Kayla Jane.

35. PAIGE FINK, acting for all Defendants, at one point said to Kayla Jane, "I'll get my Niggas to shoot you (dead)."

36. During the entire time of Kayla Jane's residence in said apartment complex, verbal abuse of Kayla Jane from the Defendants was unremitting and savage and occurred daily and created such an unlivable hostile environment at Kayla Jane's residence that Kayla Jane to consider suicide four times.

37. In December of 2015, FNU BROWN, JANE Doe #1, acting for all Defendants, held a hearing to evict Kayla Jane. During said hearing Legal Counsel for CMHA conferred with a Legal Aid attorney who represented Kayla Jane. Legal Counsel for CMHA was fully informed by Kayla Jane's counsel of the discrimination Kayla Jane was suffering. Legal Counsel for CMHA agreed that there was no basis for an eviction and promised to transfer residents hostile to Kayla Jane to another CMHA facility. CMHA never transferred any of the hostile residents. CMHA and the CMHA PD knew or should have known of the illegal conduct of FNU BROWN, JANE Doe #1 at least as early as December of 2015 and took no action, thereby creating the risk of harm to Kayla Jane. CMHA possessed an awareness of the risk of harm to Kayla Jane that was sufficiently concrete to put all Defendants on notice of said risk of harm.

38. Upon information and belief, FNU BROWN, JANE Doe #1, acting for all Defendants, organized an illegal conspiracy of CMHA residents PAIGE FINK, PAMELA REED, and JOHN and/or JANE Doe(s) #6 - #14, and crafted a plan to physically attack Kayla Jane after luring Kayla Jane into an ambush where Defendants would savagely attack Kayla Jane, in order to cause Kayla Jane to suffer serious physical and emotional harm.

39. The site of said attack was carefully chosen by Defendants, to ensure there would be no help for Kayla Jane.

40. On or about June 20, 2016, PAIGE FINK, acting for all Defendants, pretended to be Kayla Jane's friend and took Kayla Jane to the beach.

41. On or about June 20, 2016, upon Kayla Jane and Paige Fink's return to the apartment building where both women resided, Kayla Jane saw a group of people waiting outside the door of her residence on the seventh floor of the building.

42. On or about June 20, 2016, conspirators PAIGE FINK, PAMELA REED, and JOHN and/or JANE Doe(s) #6 - #14, acting for all Defendants, knocked Kayla Jane to the floor in an unprovoked attack, held Kayla Jane on the floor, punched Kayla Jane repeatedly, pulled out Kayla Jane's hair, and kicked Kayla Jane in the head until Kayla Jane lost consciousness.

43. During said attack, one or more of the attackers, acting for all Defendants, screamed, "We were just waiting for a trannie to come to this building so we could beat the fuck out of 'em."

44. During said attack, a least four times one or more of the attackers, acting for all Defendants, bit into Kayla Jane's flesh deeply enough that chunks of Kayla Jane's flesh were excised from Kayla Jane's body.

45. At some point after Kayla Jane was beaten unconscious, said attack ceased.

46. Following said attack, Kayla Jane regained consciousness, crawled into the elevator, struggled to lift herself up to push the elevator button to the first floor, and after reaching the first floor, crawled to the fire alarm and pulled it.

47. Paramedics transported Kayla Jane to a Hospital.

48. Kayla Jane did nothing to provoke Defendants' conduct other than to exercise her right secured by the First Amendment to the Constitution of the United States to self-expression, by presenting herself as female.

49. The manner in which said attack occurred shocks the conscience, to-wit: a false friend lured Kayla Jane to where a group of attackers were waiting to savagely beat Kayla Jane, including biting out of pieces of Kayla Jane's flesh.

50. Defendants, by reason of intentional, negligent, and/or wanton misconduct, created danger and/or increased Kayla Jane's vulnerability to danger causing Kayla Jane severe physical and emotional harm and suffering. Kayla Jane was a member of a limited and specifically definable group, i.e., a transgender. Defendants' conduct put Kayla Jane at substantial risk of serious, immediate, and proximate harm. Said risk was obvious and known to Defendants. Defendants acted maliciously and/or recklessly in conscious disregard of that risk. When viewed in totality, such conduct shocks the conscience.

51. Wherefore, Kayla Jane prays for compensatory damages, including pain and suffering and emotional harm both temporary and permanent, against all Defendants jointly and severally, in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars) in a sum which will

compensate Kayla Jane pursuant to all applicable laws together with the costs of this action and punitive damages.

**COUNT TWO: FELONIOUS ASSAULT IN VIOLATION OF Ohio Revised Code § 2921.32 AND IN VIOLATION OF Ohio Revised Code R.C. 2307.60**
(As to All Defendants)

52. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

53. On or about June, 20, 2016, PAIGE FINK, PAMELA REED, and JOHN and/or JANE Doe(s) #6 - #14, acting for all Defendants, attacked and beat Kayla Jane, knowingly causing and attempting to cause serious physical harm, including acute pain of such duration as to result in substantial suffering and permanent scars, to Kayla Jane in violation of Ohio Revised Code § 2903.11 (Felonious Assault).

54. On or about and before June, 20, 2016, Defendants, after notice of the threats to and menacing of Kayla Jane in December of 2015, failed to protect Kayla Jane from danger and, in fact, created and enhanced the danger, which was the proximate cause of Kayla Jane's serious physical injuries. Defendants acted with a degree of culpability which is so outrageous it shocks the conscience.

55. Defendants' attack caused Jane to suffer serious physical harm and emotional suffering. Kayla Jane was hospitalized from June 20, 2016, until June 23, 2016.

56. As a result of and proximately caused by the actions and/or failure to act of all of the Defendants herein, Kayla Jane suffers from Post-Traumatic Stress Disorder and suffers from dramatic psychological and emotional injuries which will require prolonged psychiatric treatment.

57. Wherefore, Kayla Jane prays for compensatory damages, including pain and suffering and emotional harm both temporary and permanent, against all Defendants jointly and severally, in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars) in a sum which will compensate Kayla Jane pursuant to all applicable laws together with the costs of this action and punitive damages.

**COUNT THREE: OBSTRUCTION OF JUSTICE IN VIOLATION OF Ohio Revised Code § 2921.32 AND IN VIOLATION OF Ohio Revised Code R.C. 2307.60**
(As to All Defendants)

58. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

59. On or about June 20, 2016, while Kayla Jane was hospitalized, recovering from her injuries, CMHA PD Patrolman Grimes, stated to Kayla Jane that the attack clearly was a "hate crime," but that the CMHA PD officers were required to confer with supervisors before prosecuting.

60. On or about June 20, 2016, CMHA PD produced an initial report describing Kayla Jane as female, using the pronouns "her" and "she." On or about June 20, 2016, CMHA PD, acting for all Defendants, created a supplemental report based upon statements of FNU BROWN, JANE Doe #1, and the attackers PAIGE FINK, PAMELA REED, and JOHN and/or JANE Doe(s) #6 - #14.

61. Said supplemental report did not indicate a "hate crime" and PAIGE FINK, who was one of the most savage attackers of Kayla Jane, and PAMELA REED, were described as the victims of a fictitious attack by Kayla Jane.

62. The manner in which said attack of June 20, 2016, occurred unmistakably indicates careful planning and execution of a plan of which Kayla Jane was the intended victim. It was Kayla Jane who suffered severe injury. It was Kayla Jane who had to be hospitalized. Those individuals identified as the victims by CMHA PD, acting as agents of all Defendants, required no medical care. One purported "victim," PAMELA REED, has previously been indicted for Aggravated Murder and pleaded guilty to Voluntary Manslaughter (Cuyahoga County Common Pleas case number CR 91-271720-CA). Jane is a twenty two year old whose only criminal infractions are traffic related misdemeanors.

63. Upon information and belief, after conferring with his supervisors, Officer Grimes prepared a supplemental report stating that Kayla Jane is transgender and describing Kayla Jane as male, using pronouns "he" and "his."

64. Said supplemental report stated that, according to FNU BROWN, JANE Doe #1, acting for all Defendants, Kayla Jane was engaged in "heavy illegal conduct" during her residence at said apartment building and that whenever confronted Kayla Jane claimed "hate crime."

65. On or about June 20, 2016, CMHA PD, acting for all Defendants, cited Kayla Jane for Assault for knowingly harming PAIGE FINK and PAMELA REED; for not abiding by CMHA Administrative Policies and Regulations; for Activity that Threatens Health, Safety and Peaceful Enjoyment; for Disturbance of Neighbors; Disorderly Conduct; Hazardous Conduct; Nuisance; Alcohol, Drug Use or Abuse; and for violating a regulation Not to Display, Use, or Possess any firearms or other Offensive Weapons (Kayla Jane had a small air pistol which the CMHA PD returned to her apartment).

66. Defendants' generation of a false police report in connection with the above referenced beating of Kayla Jane was in violation of Ohio Revised Code § 2921.32 Obstructing Justice by falsely blaming Kayla Jane for her own beating.

67. Said false police report was created with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for a crime or to assist another to benefit from the commission of the crime of Felonious Assault. This false report after consulting with supervisors and the failure to take promised remedial action demonstrate that the discrimination against transgender people is systemic within CMHA, Cuyahoga County, and the City of Cleveland.

68. Wherefore, Kayla Jane prays for compensatory damages, including pain and suffering and emotional harm both temporary and permanent, against all Defendants jointly and severally, in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars) in a sum which will compensate Kayla Jane pursuant to all applicable laws together with the costs of this action and punitive damages.

**COUNT FOUR: FAIR HOUSING ACT CLAIM IN VIOLATION OF THE UNITED STATES HOUSING ACT of 1937, 42 U.S.C.A. §§ 1437 et seq.**
(As to All Defendants)

69. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

70. Defendants discriminated against Kayla Jane in the terms, conditions, and/or privileges of her rental of a dwelling, and in the provision of services or facilities in connection therewith, because of Kayla Jane's exercise of her First Amendment right to self-expression, i.e., the right to present her gender without having to conform to a stereotype.

71. FNU BROWN, JANE Doe #1, acting for all Defendants, harassed Kayla Jane by issuing fictitious violation notices to Kayla Jane for a period of more than one year.

72. FNU BROWN, JANE Doe #1, acting for all Defendants, refused to change the gender designation on Kayla Jane's lease and became enraged and insulted when Kayla Jane made such requests.

73. FNU BROWN, JANE Doe #1, acting for all Defendants, became belligerent, insulting, and menacing toward Kayla Jane whenever Kayla Jane referred to herself as "female."

74. FNU BROWN, JANE Doe #1, acting for all Defendants, became belligerent, insulting, and adopted a menacing manner whenever Kayla Jane attempted to use the ladies' bathroom.

75. FNU BROWN, JANE Doe #1, acting for all Defendants, published Kayla Jane's highly private and personal information to residents of said housing unit, i.e., that Kayla Jane was transgender, in an extremely insulting manner with purpose to stigmatize and harass Kayla Jane and to create hostility toward Kayla Jane.

76. Said menacing of Kayla Jane by Defendants occurred both before and after June 20, 2016, when Kayla Jane was assaulted at the premises located at 9520 Detroit Avenue, County of Cuyahoga, City of Cleveland, State of Ohio.

77. On or about and before June 20, 2016, Defendants required that Kayla Jane identify her gender and present herself as male and discriminated against Kayla Jane when she would not do so, including a savage felonious assault causing Kayla Jane physical and emotional suffering in violation of Kayla Jane's rights under the Fair Housing Act, 42 U.S.C.A. § 3601 et seq., specifically, 42 U.S.C.A. § 3604 (b) (which prohibits discrimination against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of sex) and upon 42 U.S.C. § 3604 and C.R.S. § 24-34-502 (which prohibits discrimination based upon transgender status).

78. On or about and between February 2015, to the present day all of Defendants' discrimination recounted above was because of Kayla Jane's failure to conform to stereotypical gender norms, i.e., because of Kayla Jane's transgender status, in violation of the FHA 42 U.S.C. § 3604 and C.R.S. § 24-34-502.

79. Wherefore, Kayla Jane prays for compensatory damages, including pain and suffering and emotional harm both temporary and permanent, against all Defendants jointly and severally, in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars) in a sum which will compensate Kayla Jane pursuant to all applicable laws together with the costs of this action and punitive damages.

## COUNT FIVE: PUBLICIZING HIGHLY PERSONAL INFORMATION THAT IS NOT OF RECORD TO THE PUBLIC IN VIOLATION OF 42 U.S.C. § 1983

(As to All Defendants)

80. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

81. On or about and between February 2015, to the present day FNU BROWN, JANE Doe #1, acting for all Defendants, publicized highly personal private information about Kayla Jane, i.e., the fact that Kayla Jane is a transgender person, which fact did not appear in a public record.

82. On or about and between February 2015, to the present day FNU BROWN, JANE Doe #1, acting for all Defendants, publicized said information with a malicious purpose, to generate hostility and violence toward Kayla Jane.

83. Said publication was a proximate cause of Kayla Jane's injuries and violated Kayla Jane's rights to due process under the First Amendment and the Fourteenth Amendment to the Constitution of the United States. One's "presenting gender" is activity that is fully protected by the First Amendment either because it a purely self-expressive activity, or because presenting one's gender is imbued with elements of communication, conveying an identifiable message that was likely to be understood by those who viewed Kayla Jane, i.e., Kayla Jane's gender identification as female.

84. Wherefore, Kayla Jane prays for compensatory damages, including pain and suffering and emotional harm both temporary and permanent, against all Defendants jointly and severally, in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars) in a sum which will compensate Kayla Jane pursuant to all applicable laws together with the costs of this action and punitive damages.

**COUNT SIX: RETALIATION FOR THE EXERCISE OF FIRST AMENDENT RIGHTS IN VIOLATION OF 42 U.S.C. § 1983**

(As to All Defendants)

85. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

86. From on or about June 20, 2016, to June 23, 2016, while Kayla Jane was hospitalized recovering from the injuries received at the CMHA apartment building, FNU BROWN, JANE Doe #1, acting for all Defendants, issued a repetitive series of citations for Kayla Jane's not tidying up her room by means of slipping said citations under Kayla Jane's closed, locked door.

87. On or about June 24, 2016, following Kayla Jane's release from the hospital, Kayla Jane was taken to a battered women's safe house.

88. On or about June 25, 2016, upon her return to CMHA, when Kayla Jane opened the door to her room, Kayla Jane collapsed from the additional stress caused by the citations.

89. On or about June 25, 2016, upon her return to CMHA, PAIGE FINK, PAMELA REED, JOHN and/or JANE Doe(s) #6 - #14), acting for all Defendants, subjected Kayla Jane to further harassment by directing insulting comments to her and menacing her, including PAIGE FINK's statement, "I'll get my Niggas to shoot you (dead)."

90. FNU BROWN, JANE Doe #1, acting for all Defendants, initiated a second eviction hearing in July of 2016. FNU BROWN, JANE Doe #1, acting for all Defendants, denied Kayla Jane due process of law by refusing to Kayla Jane the benefit of *pro bono* counsel, who was

representing Kayla Jane, presence at said "hearing." Said "hearing" was conducted and adjudicated by FNU BROWN, JANE Doe #1, acting for all Defendants.

91. Kayla Jane's "presenting gender" activity is fully protected by the First Amendment either because it is a purely self-expressive activity, or because presenting one's gender is imbued with elements of communication, conveying an identifiable message that was likely to be understood by those who viewed Kayla Jane, i.e., that Kayla Jane's gender identification is female. This protected conduct was a substantial motivating factor for Defendants' injurious actions in violation of the First Amendment and Fourteenth Amendment to the Constitution of the United States. Kayla Jane was stigmatized and thereby suffered injury-in-fact for Article III standing purposes which was causally connected to the misconduct of the Defendants. A favorable decision will redress the stigmatization.

92. As the discrimination occurred over a year before the felonious assault, upon information and belief, Kayla Jane asserts that soon after her residence at Defendant CMHA housing FNU BROWN, JANE Doe #1, acting for all Defendants, planned to harass Kayla Jane through the previously recounted discrimination into leaving the CMHA premises.

93. Defendants intentionally, recklessly, and/or wantonly condoned and/or encouraged said discrimination as demonstrated by the fact that Kayla Jane informed CMHA of the discrimination in December of 2015. Yet despite Defendants' promise to take remedial action, they never did so.

94. Kayla Jane, abandoned by her parents, raised in foster care, living on the streets homeless prior to obtaining CMHA housing, could not leave. Kayla Jane had nowhere else to go.

95. Defendants' discrimination against Kayla Jane was precipitated by Kayla Jane's exercise of her First Amendment right to present her gender as she chose.

96. Wherefore, Kayla Jane prays for compensatory damages, including pain and suffering and emotional harm both temporary and permanent, against all Defendants jointly and severally, in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars) in a sum which will compensate Jane pursuant to all applicable laws together with the costs of this action and punitive damages.

## COUNT SIX: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDENT IN VIOLATION OF 42 U.S.C. § 1983

(As to All Defendants)

97. Kayla Jane incorporates the above and foregoing allegations as if fully rewritten herein.

98. Defendants discriminated against Kayla Jane based on her sex.

99. Defendants discriminated against Kayla Jane based on sex stereotypes and gender identity.

100. Without furthering any compelling, substantial, rational or legitimate purpose, and based upon invidious animus, Defendants intentionally treated Kayla Jane differently than other tenants who were similarly situated.

101. Defendants discrimination was intentional, arbitrary and lacked any rational basis.

102. Kayla Jane has been injured as a result of Defendants' actions. Defendants subjected Kayla Jane to the deprivation of the equal protection of law secured by the Fourteenth Amendment to the Constitution of the United States.

103. Defendants violated clearly established constitutional rights under the Fourteenth Amendment, of which Defendants knew or reasonably should have known.

104. Defendants acted consciously of, or were callous and reckless toward the risk of, the illegality of their actions and the infringement of Kayla Jane's rights under the Constitution of the United States.

105. Wherefore, Kayla Jane prays for compensatory damages, including pain and suffering and emotional harm both temporary and permanent, against all Defendants jointly and severally, in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars) in a sum which will compensate Kayla Jane pursuant to all applicable laws together with the costs of this action and punitive damages.

WHEREFORE, Jane prays for the following:

General and special damages, including pain and suffering and emotional harm both temporary and permanent, in an amount in excess of $25,000.00;

Punitive damages;

Court costs;

Pre and post-judgment interest; and

Any other award that this Honorable Court deems fair and just.

**DEMAND FOR A JURY TRIAL**

Jane hereby demands a trial by a jury.

Respectfully submitted,

/s/ Gregory C. Sassé
Gregory C. Sassé, Esq. LLC. (0032589)
2189 Professor Avenue
Cleveland, OH 44113
Phone: (216) 357-5900
Fax: (440) 357-2780
gregory.sasse@yahoo.com
Attorney for Plaintiff